# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Fluor Federal Solutions, LLC | )     ASBCA No. 61353 |
| | ) |
| Under Contract No. N69450-12-D-7582 | ) |

APPEARANCES FOR THE APPELLANT:     John S. Pachter, Esq.
                                          Jennifer A. Mahar, Esq.
                                          Kathryn T. Muldoon Griffin, Esq.
                                            Smith Pachter McWhorter PLC
                                          Tysons Corner, VA

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
                                            Navy Chief Trial Attorney
                                            Russell A. Shultis, Esq.
                                            Todd J. Wagnon, Esq.
                                            Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE CLARKE
## ON JURISDICTION

We consider if we have jurisdiction over this appeal based on the prerequisite of a claim stating a sum certain. Fluor Federal Solutions, LLC (Fluor) submitted a claim having a claimed dollar amount derived from an estimate. We conclude that we have jurisdiction pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109.

## FINDINGS OF FACT

1. On 13 December 2011 the Navy awarded Contract No. N69450-12-D-7582 for base operation services at four Navy installations in the Jacksonville, Florida, area (R4, tab 1.3). The contract included a base year, four option years and three award option years (*id.* at 3-10). Each year of the contract included a firm-fixed-price (FFP) and indefinite-delivery, indefinite-quantity (IDIQ) line item. Of importance to this decision is Award Option Year 3 that had an FFP line item priced at $31,374,431.00 and an IDIQ line item priced at $9,207,208.00 for a total of $40,581,639 (*id.* at 10).

2. The contract included an Award-Option Plan, paragraph 6, which read as follows:

### 6.0 AWARD-OPTION DETERMINATION

The primary intent of the award-option incentive is to motivate the Contractor to perform the required services in

such a manner as to warrant the highest possible rating during each performance period. All unearned award options will be deleted by unilateral modification to the contract. Once all award-option periods have been earned or deleted by modification, evaluations for the remaining performance periods will be conducted in accordance with CPARS/ACASS/CCASS, as applicable. A Contractor must receive at least a "Satisfactory" rating on each individual assessment criteria and a *"Very Good" or "Exceptional"* end-of-period performance rating to be eligible for an award-option for the associated performance period. "Exceptional" ratings earn twelve (12) months and "Very Good" ratings earn six (6) months.

(App. supp. R4, tab 201 at 5) The Award-Option Assessment Criteria were listed in paragraph 10.0 (*id.* at 7-8).

3. Award-Option Plan, paragraph 8, reads:

**8.0 AWARD-OPTION PLAN CHANGES**

The ODO [Award-Option Determining Official] may unilaterally change the assessment criteria covered in this plan, provided the Contractor receives notice of any changes at least fifteen (15) calendar days prior to the performance period to which the changes apply. Changes to this plan that are applicable to a current performance period will be incorporated by a bilateral modification under the appropriate contract clause.

(App. supp. R4, tab 201 at 5)

4. Unilateral Modification No. P00187, dated 4 April 2017, changed Award-Option Plan, paragraph 6, as follows:

The purpose of this modification is to incorporate the revised Award Option Plan for available Award Option 3, a future performance period. Paragraph 6.0 is revised to state "The ODO may make a final assessment to issue a unilateral modification awarding a future performance period award-option of up to twelve (12) months for the convenience of the Agency, when the contractor has

2

obtained a rating of 'Satisfactory.'" The revised Award
Option Plan is hereby incorporated into this modification.

(R4, tab 2.187 at 2) Modification No. P00187 listed "FAR 52.243-1 ALT 1 Changes
Fixed-Price" as the authority for the modification (*id.* at 1).

5. By Modification No. P00193, dated 28 June 2017, the Navy exercised
Award Option 3 with a 12-month period of performance from 1 July 2017 through
30 June 2018 (R4, tab 2.193 at 1). The modification includes the following:

> 1. In accordance with NAVFAC Clause 5252.217-9301
> award option three for the period 01 July 2017 through
> 30 June 2018 is exercised.

> | | |
> |---|---|
> | Total firm-fixed price (CLIN 0011) | $38,998,932.58 |
> | Total indefinite quantity (CLIN 0012) | $ 9,144,271.00 |
> | Total estimated award option 3 price | $48,143,203.58 |

(R4, tab 2.193 at 2)[1]

6. Fluor objected to Modification Nos. P00187 and P00193 and on 25 July 2017
submitted a certified claim to contracting officer Eric Binderim in the amount of
$14,814,503 (R4, tab 3). The claim included the following:

> This is a certified claim and request for Contracting
> Officer's Final Decision under the Contract Disputes Act
> (41 USC §§ 7101-09) and the contract's Disputes clause
> (FAR 52.233-1 Disputes (July 2002)). Fluor asserts
> entitlement to its allowable costs of performing Award
> Option 3, plus a reasonable profit. Appendix A provides an
> estimate of the costs to be incurred for the period July 1,
> 2017 through June 30, 2018, plus a reasonable profit. The
> total estimated costs, plus profit, for recurring (firm-fixed
> price Contract Exhibit Line Items (ELINs)) and
> non-recurring (Indefinite Delivery/Indefinite Quantity
> (IDIQ) ELINs) work is $62,957,707. This represents an
> estimated increase over the Mod 193 values of $11,480,750
> for recurring work and $3,333,753 for non-recurring
> work—a total estimated increase of $14,814,503.

---

[1] We do not know why CLINs 0011 and 0012 were listed rather than 0015 and 0016
and we do not know why CLIN prices were also changed. However, we need
not sort this out for the purposes of this decision.

3

(R4, tab 3 at 1336-37) The $14,814,503 was calculated by subtracting the $48,143,203.58 for Award Option Year 3 (R4, tab 2.193 at 2) from the estimated cost for performance of Award Option Year 3 of $62,957,707. Claim Appendix A presents the calculation of the $62,957,707 estimate and is based on Fluor's costs during Option Year 4, 4 July 2016 to 2 July 2017 (R4, tab 3 at 1381). Fluor contends that the Navy had no authority to issue unilateral Modification No. P00187 changing Award-Option Plan paragraph 6 and unilateral Modification No. P00193 exercising Award Option Year 3 and consequently Fluor is entitled to the allowable costs of performing during that year.

7. By letter dated 10 August 2017 the Navy asserted that the claim "will require an audit from the Defense Contract Audit Agency along with other independent analysis" (R4, tab 4).

8. By letter dated 17 August 2017 Fluor responded to the Navy's 10 August 2017 letter stating that its claim was "complete as submitted," that the claim's quantum was based on an estimate and a DCAA audit was not necessary for the Navy to issue a final decision within the statutory 60 days (app. supp. R4, tab 211). On 14 September 2017 the Navy sent Fluor another letter again stating that the claim required DCAA audit and that a final decision was expected to be issued by 29 December 2017 (app. supp. R4, tab 212). Fluor responded by letter dated 15 September 2017 again objecting to the delay in issuing the final decision and indicated it would treat the claim as deemed denied (app. supp. R4, tab 213).

9. On 28 September 2017 Fluor appealed to the Board based on a deemed denial of its claim. On 2 October 2017 the Board docketed Fluor's appeal as ASBCA No. 61353.

10. On 8 December 2017 the Board requested the parties' positions on whether the claim amount of $14,814,503 qualifies as a sum certain under FAR 2.101. The Board inquired on what effect, if any, Fluor's 17 August 2017 and 15 September 2017 letters had on the sum certain question. Both parties agreed that Fluor's claim satisfied the sum certain requirement. The Navy argued, however, that the Board lacked jurisdiction because Fluor's claim was complex and required a DCAA audit, therefore, the claim was premature.

DECISION

Fluor submitted its certified claim on 25 July 2017 during the first month of Award Option Year 3. Fluor calculates its claim value of $14,814,503 by estimating how much its costs plus profit would be for performance during Award Option Year 3 and subtracting the contract price for Award Option Year 3. A detailed explanation of how the estimate was calculated was included with the claim. (Finding 6) The $14,814,503 is an unequivocal sum certain and the only question is if the fact that it is based on an estimate of costs and profit for Award Option Year 3 poses a jurisdictional problem. In *Ball Aerospace & Technologies Corp.*, ASBCA No. 57558, 11-2 BCA ¶ 34,804, we listed qualifications to a numeral amount that defeat its consideration to

be a sum certain such as: "approximately," "at least," "no less than," "well over," and "in excess of." *Id.* at 171,275 (citations omitted). "Estimated" is not among the fatal qualifications. Indeed, we have frequently accepted estimates in support of a sum certain. *Government Services Corp.*, ASBCA No. 60367, 16-1 BCA ¶ 36,411 at 177,538, ("The Board has repeatedly held that use of estimated or approximate costs in determining the value of a claim is permissible so long as the total overall demand is for a sum certain."). We agree with the parties that Fluor's claim states a sum certain and merely and appropriately (and permissibly) informs the government that it is based upon estimates. We reviewed the 17 August 2017 and 15 September 2017 letters and find no reason to change our determination that the claim presents a sum certain.

Next we consider the Navy's contention that the appeal was premature because the Navy desired a DCAA audit before issuing a final decision. Fluor's appeal is based on a deemed denial (finding 9). We agree with Fluor's argument that an audit goes to quantum and is not needed to assess entitlement (app. surreply br. at 7). We have held that a contracting officer's desire to conduct an audit does not change the status of a contractor's claim. *Eaton Contract Services, Inc.*, ASBCA Nos. 54054, 54055, 03-2 BCA ¶ 32,273 at 159,664. We deny the Navy's contention that the appeal is premature.

## CONCLUSION

Fluor's claim states a sum certain and is not premature. We have jurisdiction.

Dated:  30 May 2018

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61353, Appeal of Fluor Federal Solutions, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6